IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

IN RE:                                                    CASE NO. 13-01080

HECTOR LUIS ORTIZ FUENTES                                 CHAPTER 13
AND GLADYS RIVERA RIVERA

        Debtors

OPINION AND ORDER

        This case is before the court upon the Chapter 13 Trustee's (hereinafter referred to as "Trustee") unfavorable report to the amended Chapter 13 plan dated June 11, 2013 (Docket No. 39) stating that the Debtors must assign a value to a particular cause of action filed in state court and which has been listed in Schedule B (Personal Property) because the Trustee is unable to calculate the liquidation value and thus is unable to determine whether the Debtors comply with 11 U.S.C. §1325(a)(4), which is a requisite for confirmation of a plan. The Debtors filed their reply (Docket No. 40) arguing that in the instant case it is reasonable to list the value of the state lawsuit as "unknown" because it is difficult to assign a value to a pending or potential lawsuit and the Debtors have chosen the state exemptions which means that there is no exemption applicable to the cause of action of the Debtors at the state court. For the reasons set forth below the court grants Trustee's motion and thus finds that the Debtors must assign a current value to the legal claim which they have included in Schedule B.

Jurisdiction

        The Court has jurisdiction pursuant to 28 U.S.C. §§ 1334(b) and 157(a). This is a core proceeding pursuant to 28 U.S.C. §§157(b)(2)(B) and (L). Venue of this proceeding is proper under 28 U.S.C. §§1408 and 1409.

Facts and Procedural Background

        The Debtors filed a bankruptcy petition under Chapter 13 of the Bankruptcy Code on February 13, 2013. On February 25, 2013, the Debtors filed their Chapter 13 plan (Docket No.

-1-

12). The 341 meeting was held on March 15, 2013 and the Trustee held the same open for fourteen (14) days (Docket No. 15). On May 7, 2013, the Trustee filed a *Notice of Closing 341 Creditors' Meeting After Failure to Comply with 11 U.S.C. §1308* because the Debtors failed to provide evidence of filing the applicable tax returns in compliance with 11 U.S.C. §1308 (Docket No. 23).

On May 7, 2013, the Trustee filed a *Motion to Dismiss* based upon the following: (i) failure to cooperate with the Trustee pursuant to 11 U.S.C. §521(a)(3) due to the Debtors failure to provide documents and/or information requested at the meeting of creditors, omission that constitutes cause for the dismissal of case under 11 U.S.C. §1307(c)(9) and (10); and (ii) failure to resolve or act upon issues identified at the meeting of creditors causing an unreasonable delay in the bankruptcy proceedings prejudicial to creditors pursuant to 11 U.S.C. §1307(c)(1) (Docket No. 24).

On June 4, 2013, the Debtors filed Amended Schedules B (Personal Property) and C (Property Claimed as Exempt) (Docket No. 28). Schedule B was amended to include the cause of action in state court and that any proceeds from this lawsuit will be used entirely to fund the plans, and to include some personal items not included in the original Schedule. The Debtors in the Amended Schedule B included the following information regarding the state court action: "[c]ivil case No. DAC2012-0804 Teresita Arroyo Morales et als. V. Municipality of Cataño et. Als. Complaint claiming torts and restitution of moneys paid to Scotiabank because mortgage is not registered in Urb. Vista al Mar, Debtor Property and Residence." The Debtors listed the claim as a joint personal property with an unknown value (Docket No. 28). On June 4, 2013, the Debtors filed a Chapter 13 amended plan to include the provision that the reason for the step up payment and also to include that any proceeds from the civil case at local court in case No. DAC2012-0804 will be devoted to fund the plan and the base will increase accordingly (Docket No. 29).

On June 4, 2013, the Debtors filed their *Reply to Trustee Motion Requesting for Dismissal and Request for Confirmation of Amended Chapter 13 Payment Plan Dated 6/01/2013*

(Docket No. 30). On June 5, 2013, the Trustee filed an *Unfavorable Report on Proposed Plan Confirmation under §1325* due to the following deficiencies: (i) the Debtors have failed to provide documents and/or information requested at the meeting of creditors pursuant to 11 U.S.C. §521 and §1302(b); (ii) the Debtors must submit the minute of presentation of the Notarial act at the Registry for evaluation and must disclose the status of the proceedings pending in local court; and (iii) the Debtors have failed to assign a value to the cause of action pending in local court. The liquidation value cannot be determined until a value is assigned to their legal claim (Docket No. 31). On June 6, 2013, the Debtors filed their *Reply to Trustee Unfavorable Report and Request for Confirmation of Amended Chapter 13 Payment Plan Dated 6/1/2013* alleging as follows: (i) the minute of presentation in the instant case is not necessary because Debtors' real estate property is not registered at the property registry because this is a housing project in which the segregation of the lots was not properly made; (ii) the state court proceedings at this stage are procedural in nature since there are new defendants that have been sued, discovery being made, legal representations being announced for various defendants; and (iii) the Debtors list the value of their legal claim as "unknown" because there is no tangible amount determined and Debtors have not claimed an exemption on this claim and all the proceeds if any will be devoted to fund the plan (Docket No. 32).

On June 12, 2013, the plan confirmation hearing was held and the court determined that the pending issue is the valuation of the pending cause of action which the Debtors claim cannot be ascertained. The court continued without a date the confirmation hearing and granted the Trustee 45 days to file a legal memorandum (Docket No. 34). On July 25, 2013, the Trustee requested an extension of time (30 days) to file the legal memorandum (Docket No. 36). On July 26, 2013, the court granted the Trustee's motion requesting an additional 30 days to file the legal memorandum (Docket No. 37).

On August 30, 2013, the Trustee filed his *Sur-reply to Debtors' Reply to Trustee's Unfavorable Report; Docket No. 32* by which he argues the following: (i) the Trustee is unable to determine the liquidation value in this case pursuant to 11 U.S.C. §1325(a)(4) because the

-3-

Debtors have not assigned a value to their legal claim; (ii) causes of action are property of the estate and they have a value despite of the amount that can or will be awarded in the future; (iii) the Seventh Circuit in <u>Polis v. Getaways, Inc.</u> (<u>In re Polis</u>), 217 F. 3d 899, 903 (7th Cir. 2000) applied the following rationale to valuing legal claims; "[l]egal claims are assets whether or not they are assignable, especially when they are claims for money; as a first approximation, the value of Polis's claim is the judgment that she will obtain if she litigates and wins multiplied by the probability of that (to her) happy outcome. That is roughly how parties to money cases value them for purposes of determining whether to settle in advance of trial. They do so whether or not the claim is assignable; unassignable claims (tort claims, for example) command positive prices in the settlement 'market;'" and (iv) since the liquidation value cannot be determined without taking into account the value of the Debtors' pending cause of action in local court, the Trustee is unable to determine if the proposed plan is sufficiently funded to pay the liquidation value; (v) the Chapter 13 Trustee has a limited time to administer the case, thus if the Debtors were to receive the funds from the pending cause of action after receiving their discharge it would be a windfall; (vi) if the Debtors refuse to list a value for their cause of action, the case should be converted to a Chapter 7 in which the Chapter 7 Trustee could pursue the cause of action without a time limit until its resolution and thus safeguard the estate's and the creditors' best interests; (vii) the Trustee requests an evidentiary hearing to determine the value of this legal action since the court has the authority under Section 105 to entertain the issue and determine a value; and (viii) Debtors' insistence in not giving a value to the pending cause of action can be a sign of lack of good faith because they admit that under local law they cannot claim said asset exempt, and that their plan would probably be insufficiently funded to pay the liquidation value that would be determined if said cause of action were considered as part of the liquidation value analysis (Docket No. 39).

On October 1, 2013, the Debtors filed their *Reply to Trustee's Sur-reply to Debtors' Reply to Trustee's Objection to Plan Confirmation and Request for Confirmation of Chapter 13 Payment Plan Dated 6/1/2013* by which they argue the following: (i) this is not claim for money

that has a mostly certain nature, this a torts claim that depends on the credibility awarded by the state court to the plaintiffs; (ii) there is no uniform procedure followed by the courts to value a cause of action; (iii) it is reasonable to list the value of the legal claim as "unknown" pursuant to recent court decisions according to the case of Ingram v. Thompson, 141 Wn. App. 287 (Wash. Ct. App. 2007); and (iv) in this case the proceeds (if any) received by the Debtors from the legal claim will be devoted entirely to fund the Chapter 13 plan, and thus, are excluded and excepted pursuant to 11 U.S.C. §1327(b) and (c) (Docket No. 40).

Applicable Law and Analysis

*Property of the estate in a Chapter 13 Case*

Property of the bankruptcy estate includes all legal or equitable interests of the debtor in property as of the commencement of the case. 11 U.S.C. §541(a)(1). In a Chapter 13 case, Section 1306[1] also includes as property of the estate property described in Section 541 that is acquired by the debtor after the petition is filed and post-petition earnings from services earned by the debtor. A debtor's pre-petition legal claim whether the same is unliquidated or settled at the time of the bankruptcy petition constitutes property of the estate.

*Confirmation of a Chapter 13 Plan*

Confirmation of a Chapter 13 plan is governed by Section 1325. Section 1325(a)(4) provides in pertinent part: "[e]xcept as provided in subsection (b), the court shall confirm a plan if—… (4) the value, as of the effective date of the plan, of property to be distributed under the plan on account of each allowed unsecured claim is not less than the amount that would paid on such claim if the estate of the debtor were liquidated under chapter 7 of this title on such date." 11 U.S.C. §1325(a)(4). Section 1325(a)(4), referred to as the "best interest of creditors test," provides that unsecured creditors will be paid, at a minimum, the amount which they would be

---

[1] Section 1306(a) provides: "[p]roperty of the estate includes, in addition to the property specified in section 541 of this title—(1) all property of the kind specified in such section that the debtor acquires after the commencement of the case but before the case is closed, dismissed, or converted to a case under chapter 7, 11, or 12 of this title, whichever occurs first; and (2) earnings from services performed by the debtor after the commencement of the case but before the case is closed, dismissed, or converted to a case under chapter 7, 11, or 12 of this title, whichever occurs first." 11 U.S.C. §1325(a).

paid if the case were a hypothetical chapter 7 liquidation case. The "best interest of creditors test" is designed to protect the unsecured creditors in Chapter 13 cases. "To determine compliance with the test, a hypothetical liquidation of the debtor's estate under Chapter 7 on the 'effective date of the plan' must be compared to the value on 'the effective date of the plan' of what the debtor proposes to distribute to the holders of allowed unsecured claims. Two mathematical calculations are required: (1) an estimate must be made of what would be available for distribution to unsecured claim holders in a Chapter 7 case; and (2) the distributions to unsecured claim holders under the proposed plan must be 'present valued' (discounted) as of the effective date of the plan." See Keith M. Lundin & William H. Brown, Chapter 13 Bankruptcy, 4th Edition, §160.1 at ¶ [2], Rev. June 7, 2004, www. Ch13online.com. The proposed Chapter 13 plan must be present valued to compensate unsecured creditors for the delay in payments they would receive immediately in a liquidation proceeding. Moreover, for a Chapter 13 plan to satisfy the best interest of creditors test, "… the capitalized present value of all deferred payments proposed to be distributed, together with the present value of any other property proposed to be distributed, to the holder of an allowed unsecured claim, must equal at least the liquidation value of the nonexempt property of the estate apportionable to the holder of such allowed unsecured claim." See Alan N. Resnick & Henry J. Sommer, 8 Collier on Bankruptcy ¶1325.05[2][c] (16th ed. 2013). As part of the liquidation analysis calculation, the administrative expenses and the trustee's fees that would be incurred in a Chapter 7 must be deducted from the valuation of estate assets. However, it is important to note that the present value calculation under Section 1325(a)(4) is necessary only when the present valued (discounted) stream of payments to unsecured creditors is less than the Chapter 7 value. See In re Cook, 322 B.R. 336, 339, fn. 6 (Bankr. N.D. Ohio 2005).

In order to compare these two figures; namely, the discounted stream of payments that unsecured creditors would receive in a chapter 13 with the liquidation value of nonexempt estate assets in a chapter 7 asset case requires valuation of property. "The standard for valuing property for purposes of §1325(a)(4) has been the subject of few reported decisions. Intuitively because

the purpose of valuation is a hypothetical liquidation in a Chapter 7 case, property should be valued at what chapter 7 trustee would get—liquidation, foreclosure or forced sale value." See Keith M. Lundin & William H. Brown, Chapter 13 Bankruptcy, 4th Edition, §160.1 at ¶ [27], Rev. June 7, 2004, www. Ch13online.com. "The valuation of claims in a hypothetical chapter 7 liquidation is 'not an exact science' because the process entails a considerable degree of speculation." In re W.R. Grace & Co., 475 B.R. 34, 142 (D. Del. 2012) (citing Affiliated Foods, 249 B.R. 770 at 788 (citing In re Sierra-Cal, 210 B.R. 168, 172 (Bankr. E.D. Cal. 1997)); Adelphia Commc'ns, Corp., 361 B.R. 337, 367 (Bankr. S.D.N.Y. 2007) (quoting In re Crowthers, 120 B.R. 279, 297-98 (Bankr. S.D.N.Y. 1900)); In re PC Liquidation Corp., 383 B.R. 856, 868 (E.D.N.Y. 2008) ("[T]he valuation of a hypothetical [C]hapter 7 liquidation is, by nature, inherently speculative[.]") (internal quotations and citations omitted). "Thus, the court need only make a well-reasoned estimate of the liquidation value that is supported by the evidence on the record. It is not necessary to itemize or specifically determine precise values during the estimation procedure. Requiring such precision would be entirely unrealistic because exact values could only be found if the debtor actually underwent Chapter 7 liquidation." In re W.R. Grace & Co., 475 B.R. 34 at 258 citing Affiliated Foods, 249 B.R. at 788.

In the instant case, the Debtors have above median income and thus, the plan duration is 60 months. The proposed plan dated June 1, 2013 is a base plan with a base of $28,400 and the general unsecured will be paid pro-rata from any remaining funds. The Debtors in Schedule A (Real Property) list a real property which they value at $95,000 and which has no mortgage (or secured claim). Debtors list in their Amended Schedule B (Personal Property) assets in the amount of $13,047.92. The Debtors in their amended Schedule C (Property Claimed as Exempt) list the total value of the claimed exemptions in the amount of $106,178 of which $95,000 is allocated to the homestead exemption pursuant to 31 P.R. Laws Ann. §§385(a); 1851-1857. The Debtors list in their Schedule D (Creditors Holding Secured Claims) a claim in the amount of

$1,792[2] and in Schedule F (Creditors Holding Unsecured Nonpriority claims) Debtors list unsecured claims which total $110,257.04, of which $91,500.00 is allocated to a loan with Banco Popular de Puerto Rico for the purchase of a residence which has not been registered at the Property Registry. The court notes that in Schedule F, the Debtors list three (3) claims with unknown amounts that correspond to credit card debts, two (2) of which are disputed because they were paid off. The Debtors do not list any creditors holding unsecured priority claims in Schedule E. In the instant case, without considering the value of the legal claim, the Debtors' nonexempt assets (Schedule A + amended Schedule B – amended Schedule C) total $1,869.92. Thus, the liquidation analysis would entail a comparison between the present value of $26,608 ($28,400 - $1,792 for a secured claim) plus the present value of the legal claim versus the liquidation value of the Debtors' nonexempt assets in the amount of $1,869.92 plus the liquidation value of the legal claim.

This court finds that for the proposed plan to be confirmed it must satisfy the requirements of Section 1325(a)(4), thus all of the property of the estate must have an assigned value. The court notes that the Debtors in the state court complaint list their alleged contractual and emotional damages in the total amount of $263,639 which is allocated in the following manner: (i) $41,139 which constitutes the totality of the monthly mortgage payments paid by Debtors for a void mortgage loan; (ii) $40,000 in property improvements; (iii) $7,500 for the deposit and closing costs; (iv) $60,000 in damages for not being able to (being deprived) sell the real property; (v) $65,000 in damages for not being able to refinance the property and thus benefit from lower interest rates; and (vii) $50,000 due to suffering and mental anguish because they are unable to fully enjoy their property and they are in a state of terrible uncertainty.

This court finds that the value the Debtors must assign to their legal claim is an estimate of the current value they deem that particular claim is worth. The court understands the difficulty in assigning a current value to a legal claim, given that a market does not exist for such an asset.

---

[2] The court notes that pursuant to the claims register, the proof of claim filed for secured claim #4-1 is in the amount of $2,193.80.

The court finds that the best guide for establishing the current value of a particular cause of action (legal claim) is to find out the monetary awards that the state courts have awarded to similar legal claims (causes of action) in the past. However, it must be noted that the Debtors are not required to personally fund distribution to unsecured creditors based upon the hypothetical recovery value of a legal claim.

Conclusion

For the foregoing reasons, the *Trustee's Sur-reply to Debtor's Reply to Trustee's Unfavorable Report* is granted and, thus this court orders the Debtors to assign a current value to their legal claim listed in amended Schedule B (Personal Property) in order for the Trustee to be able to calculate the liquidation analysis. The Debtors must file with this court within 14 days of the entry of this Opinion and Order the current value they have assigned to their legal claim.

SO ORDERED.

In San Juan, Puerto Rico, this 17th day of January, 2014.

Enrique S. Lamoutte
United States Bankruptcy Judge